**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.:

JACQUELINE WADE,

Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant USAA Casualty Insurance Company ("USAA CIC"), through counsel, Gordon Rees Scully Mansukhani, LLP, submits this Notice of Removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1441 and 1446 and D.Colo.LCivR 81.1.

1.      This action was originally filed in the District Court, Boulder County, Colorado.  A copy of Plaintiff's Complaint and Jury Demand is attached as **Exhibit A**.  A copy of the District Court Civil (CV) Case Cover Sheet is attached as **Exhibit B**.  A copy of the Summons is attached as **Exhibit C**.  A copy of the Return of Service is attached as **Exhibit D**.

2.      Plaintiff filed her Complaint on March 17, 2026 asserting claims for breach of contract, common law bad faith, and violations of C.R.S. §§ 10-3-1115 and -1116. **[Exhibit A].**

3.      USAA CIC was served with the Complaint on March 20, 2026. **[Exhibit D].**

4.      USAA CIC files this Notice of Removal within 30 days of service of the Complaint as provided by 28 U.S.C. § 1446(b)(3).

5.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

6.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332(a)(1).

7.      Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1) as Plaintiff and USAA CIC are citizens of different states and the amount in controversy, as alleged by Plaintiff, exceeds $75,000, exclusive of interest and costs.

8.      An individual's state citizenship is equivalent to domicile, and domicile is established by one's physical presence in a state with intent to remain there. *See Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

9.      Plaintiff is a citizen of Colorado. In her Complaint, Plaintiff alleges she is a resident of Colorado. [**Exhibit  A** at ¶ 1 and "Plaintiff's Address"]. Additionally, the Property Records attached as **Exhibit E** evidence that Plaintiff has owned the residential home located at 2747 4th St., Boulder, CO 80304 since October 2011. Those facts are sufficient to establish that Plaintiff is domiciled in Colorado and, thus, is a citizen of

Colorado for purposes of diversity jurisdiction.

10.    USAA CIC is a Texas corporation with its principal place of business in Texas as reflected in its registration with the Colorado Secretary of State. [**Exhibit F**]. Accordingly, USAA CIC is a citizen of Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

11.    As such, complete diversity of citizenship exists among the parties.

12.    The amount in controversy, as alleged by Plaintiff, exceeds $75,000. Specifically, in her Civil Case Coversheet, Plaintiff certifies she is seeking "a monetary judgement . . . for more than $100,000.00. . . excluding attorney fees, interest and costs" and certifies that "the value of [her] claims . . . is reasonably believed to exceed $100,000. [**Exhibit B**].

13.    The 10th Circuit has held that a Civil Case Coversheet is sufficient to evidence the amount in controversy for purposes of diversity jurisdiction. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

14.    Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all parties in this action and has been filed with the state court clerk's office.  No hearing has been set in the state court case.

15.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Garrison and USAA CIC are also submitted.

16.    Pursuant to D. Colo.LCiv.R 5(a)(2)(C), the undersigned hereby certify that they are members in good standing of the bar of this Court.

Dated this 10th day of April 2026.

GORDON REES SCULLY MANSUKHANI, LLP

*s/ Katherine K. Kust*
Katherine K. Kust
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
kkust@grsm.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, and a copy was served via electronic mail to all counsel referenced below, this 10th day April 2026.

Barrett Weisz
Nielsen Weisz, LLC
1115 Acoma St., Suite 311
Denver, CO 80204
barrett@nwlitigation.com

Steven Taffet
Taffet Law, P.C.
885 Arapahoe Ave.
Boulder, CO 80302
st@taffetlaw.com

*/s/ Lisa Riggenbach*
For Gordon Rees Scully Mansukhani, LLP

- 4 -